BALBINA BALBAÑO Viuda de CASO, FERNANDO, HILARIO, ARÍSTIDES, ARMINDA, EVA, BLANCA PETRA, BALBINA, ATIA, LUZ DIVINA, JOSÉ y ROBERTO CASO y BALBAÑO, demandantes-apelados-apelantes, *v.* EL MUNICIPIO DE VEGA BAJA, demandado-apelante-apelado.

No. 4577.—*Sometido:* Junio 24, 1929—*Resuelto:* Enero 22, 1930.

*L. Muñoz Morales,* abogado del demandado-apelante; *R. Rivera Zayas,* abogado del demandante-apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los demandantes entablaron pleito contra el Municipio de Vega Baja por cierto trabajo de alcantarillado. El demandado admitió la mayor parte de la reclamación, pero disputó

dos partidas ascendentes a $891.66 y $224.86, respectiva-mente. La Corte de Distrito de San Juan dictó sentencia a favor de los demandantes por ambas cantidades.

■ Al resistir la reclamación de $891.66, la teoría del municipio fué que éste era un cargo por agotamiento de aguas que era un incidente necesario del contrato entre las partes, y así ellas lo tuvieron en mente. Los autos revelan, sin embargo, que el contratista de quien derivan su reclamación los apelados fué requerido para que hiciera cierto trabajo con motivo de una emergencia imprevista ocasionada por determinados requisitos del Departamento de Sanidad.

■ Al igual que en *Caso v. Municipio de Vega Baja,* ante, página 465, el municipio alega que antes de procederse a hacer el trabajo el municipio debió haber sido consultado. Creemos que en este caso el municipio tuvo cierta intervención, pero si la tuvo o no, su consentimiento era innecesario, porque el trabajo extra estaba cubierto por la siguiente disposición del contrato celebrado por las partes:

"Cuando fuere preciso durante el curso de los trabajos hacer agotamientos que por las condiciones no sean de cuenta del contratista, tendrá éste la obligación de ejecutarlos, supliendo el trabajo por separado del contrato."

Aun si esta cláusula no era suficiente, la cuestión quedaba cubierta por la siguiente disposición que formaba parte del contrato:

"Para todas las obras que excedan del 20 por 100 por virtud de modificaciones o alteraciones del proyecto, el Bureau de Obras Públicas se reserva el derecho de hacer un convenio escrito con el contratista para hacer esas obras adicionales a precios convencionales, o de llevarlas a cabo por administración o de otra manera que juzgue más adecuada."

De acuerdo con esta cláusula, no era imperativo que se obtuviera consentimiento ulterior alguno, asumiendo, como lo hacen los autos, que el trabajo fuera necesario. No se

hace objeción alguna a los precios cargados, y el arquitecto del Departamento del Interior los autorizó.

Nos referiremos ahora a la suma de $224.86. Debido a ciertos cambios en los planos quedó en poder del contratista determinada tubería que era inservible tanto para él como para el municipio. A virtud de autorización del Departamento del Interior, esos materiales fueron vendidos a otro contratista con una pérdida neta de $224.86. No entraremos a considerar a quién llegaron a pertenecer estos materiales. Baste decir que el contratista obtuvo permiso para venderlos del arquitecto que inspeccionó la obra. El precio conseguido era el mejor obtenible, y, como de lo contrario el contratista y probablemente el municipio hubieran sufrido una pérdida, el municipio en equidad y en conciencia estaba obligado a recompensarlo.